IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH WAYNE GASPARD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 4:08CV267 |
| DALE E. BEHAN, LINDA C. BEHAN, | § | |
| WESTERN CO. OF TEXAS, | § | |
| RIVERSONG, INC., MENGER, INC., | § | |
| INTERNATIONAL WESTERN CO., | § | |
| INC., RIVER NORTH FARMS, INC., | § | |
| TWTH, INC., | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Defendants Dale and Linda Behan's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 19) and Defendants Western Co. of Texas, Riversong, Inc., Menger, Inc., International Western Co., Inc., River North Farms, Inc., and TWTH, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 27). Having reviewed the motions, responses, and applicable authorities, and having heard and considered the evidence presented at the hearing held on August 20, 2008, the Court finds that the motions should be DENIED.

### BACKGROUND

In this suit, Plaintiff Joseph Wayne Gaspard seeks declaratory judgment regarding the ownership of TWTH, a corporation in which he is a shareholder, along with the Defendants Dale and Linda Behan and their children. Plaintiff also seeks an injunction preventing Defendants from diverting or converting corporate property and money from the Defendant corporations, as well as

1

damages for breaches of fiduciary duty and conversion or diversion of corporate assets. Plaintiff also seeks the appointment of a receiver to take charge of all of Defendants' assets and liabilities to prevent further diminution of corporate assets and value, pending the outcome of this litigation or a sale of the corporations or corporate assets.

Defendants seek dismissal of this case because they argue there is not complete diversity between Plaintiffs and Defendants as is required in order for there to be jurisdiction under 28 U.S.C. § 1332. It is undisputed that individual Defendants Dale and Linda Behan are Texas residents and that all of the Defendant corporations are Texas corporations, with the exception of River North Farms, which is an Oklahoma corporation. In asserting diversity of the parties, Plaintiff alleges that he is a Louisiana domciliary and that "this is a shareholder derivative suit whereby the corporations should be aligned with defendants Dale and Linda Behan [Texas residents] for purposes of determining diversity" (Dkt. 1 at 1-2). Plaintiff also lists Rapides Parish, Louisiana as his county of residence in the civil cover sheet submitted with his complaint.

However, in their motion, Defendants claim that Plaintiff moved from Louisiana to Colleyville, Texas in late 2006 or early 2007 and that Plaintiff continues to reside there in a home with his family. Defendants further allege that Plaintiff is employed as the Chief Financial Officer of TWTH, Inc., which is located in Roanoke, Texas and that Plaintiff and his wife own a Texas company which is located in Trophy Club, Texas. In further support of their contention that Plaintiff has a Texas domicile, Defendants point to evidence that Plaintiff paid property taxes in 2006 and 2007 for his Colleyville home, that his wife's car is registered in the State of Texas, that his Colleyville address and phone number are listed in the Fort Worth, Texas white pages, and that he

requested that his paychecks be mailed to his Colleyville address so that they could be received timely.

Defendants contend that there is no homestead property listed for Plaintiff in the records for Rapides Parish, Plaintiff's purported county of residence in Louisiana, and that Plaintiff's former Louisiana home was sold in December 2006 around the same time his Texas home was purchased. Defendants argue that "[t]he overwhelming objective facts surrounding Plaintiff's presence in the State of Texas over the past two years and at the time he filed this lawsuit demonstrate that the Plaintiff has established a fixed habitation in Colleyville, Texas, and an intent to remain in Colleyville, Texas." Dkt. 19 at 5 and Dkt. 27 at 7.

### STANDARD

Federal district courts are of limited jurisdictions and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). With a few exceptions which are not applicable here, subject matter jurisdiction in federal court is conferred through either: (1) federal question jurisdiction under 28 U.S.C. §1331, or (2) diversity of citizenship jurisdiction under 28 U.S.C. §1332. It is generally Plaintiff's burden to prove subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675. Plaintiff asserts that this Court has jurisdiction over his claims because of diversity of citizenship.

Diversity of citizenship is generally determined by the facts on the date the complaint was filed. *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570, 124 S.Ct. 1920, 1924, 158 L.Ed. 2d 866 (2004). A person is considered a citizen of the state in which he is domiciled. *Preston v.*

*Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile..." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *see also Preston*, 485 F.3d at 799; *Joseph v. Unitrin, Inc.*, 2008 WL 3822938, 5 (E.D. Tex. 2008). "A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change," and "[t]here is a presumption of continuing domicile that applies whenever a person relocates." *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003). When faced with facts involving a party's relocation from one state to another – as the Court is faced with here – the Fifth Circuit provides the following guidance:

> In order to defeat the presumption and establish a new domicile (the "domicile of choice"), the person must demonstrate both (1) residence in a new state, and (2) an intention to remain in that state indefinitely. *Id.* ("Mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent."). There is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established. 15 *Moore's Federal Practice,* § 102.34[10] (3d ed. 2001).

*Id.* The party seeking to establish that a party's domicile has changed – Defendants here – bear the burden of showing the change of domicile. *Id*. at 452.

This Court can look to a variety of factors to determine Plaintiff's domicile, and no single factor is determinative. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). In determining Plaintiff's intention to establish a domicile, the Court may look to "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996); *see also Acridge,*

4

334 F.3d at 448. "A person has only one domicile at a particular time, even though he may have several residences." 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (Supp. 2008).

### ANALYSIS

At the hearing held on August 20, 2008, the Court heard testimony and evidence regarding Plaintiff's intended domicile. Plaintiff testified that he moved to Texas in late 2006 to help get a business running. In conjunction with this move, he and his wife bought a home in Colleyville, Texas, on which he pays Texas property taxes and homeowner's association dues, and they have two vehicles which are registered in the State of Texas. Plaintiff works for a Texas company with offices in Roanoke and receives approximately 80% of his total yearly income from his work for this company. However, Plaintiff stated that he maintains a home in Louisiana, that he often works for the Texas business from Louisiana, continues to work as a CPA in Louisiana, and spends anywhere from 30 to 60% of his time in Louisiana.

According to the evidence presented at the hearing, Plaintiff is registered to vote in Louisiana, pays income taxes in Louisiana, has an occupational license and a driver's license in Louisiana, has four bank accounts in Louisiana, and has a home and a business office in Louisiana. Plaintiff also testified that he intends on returning to Louisiana as soon as possible.

Having heard all the evidence, the Court finds that the presumption of continuing domicile has not been rebutted here. While it appears Plaintiff and his wife have taken up residence in Texas, there is no showing that Plaintiff intends to remain in Texas indefinitely. In fact, his testimony and all of the evidence indicate quite the contrary. Therefore, the Court finds that, for the purposes of

this lawsuit, Plaintiff is a Louisiana domiciliary as alleged, giving this Court diversity jurisdiction.

### **RECOMMENDATION**

Based upon the foregoing, the Court recommends that Defendants Dale and Linda Behan's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 19) and Defendants Western Co. of Texas, Riversong, Inc., Menger, Inc., International Western Co., Inc., River North Farms, Inc., and TWTH, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 27) be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 22nd day of August, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE